IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rose Anema <br>           <u>Debtor</u> | CHAPTBR 13 |
| M&TBank <br>           Movant <br> vs. | NO. 15-15929 REF |
| Rose Anema <br>           <u>Debtor</u> | |
| Frederick L Reigle Esq. <br>           Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is $35,047.54, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2015 through October 2016 at $2,430.11 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 fees and $176.00 costs) |
| Total Post-Petition Arrears | $35,047.54 |

2. Debtor shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $35,047.54 along with the pre-petition arrears;

    b). Movant shall file and Amended or Supplemental Proof of Claim to include the post-petition arrears of $35,047.54 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required: for this Amended or Supplemental Proof of Claim;

    d). Maintenance of monthly mortgage payments that are subject to change under the Note to the Movant thereafter to the following address:

M &T Bank
P.O. BOX 62812
Baltimore, MD 21264

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FJFTEBN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 400l(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 6, 2016  /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorney for Movillt

Date: November 21, 2016  /s/ Robert M. Kline, Esquire
Robert M. Kline Esq.
Attorney for Debtor

Date: November 29, 2016
Frederick L. Reigle, Esquire
Chapter 13 Trustee

HEREBY ORDERED that Stipulation is APPROVED. However, the court retains discretion regarding entry of any further order.

**Date: December 1, 2016**

_____
Bankruptcy Judge
Richard E. Fehling